**Marion P. LENOIR,**

v.

**Wayne R. PYLES, et al.,**

**No. CIV.A. RWT–03–2662.**

United States District Court,
D. Maryland.

June 4, 2004.

John M. DiJoseph, Kavrukov and DiJoseph LLP, Arlington, VA, Joseph S. Lyons, Neil Jay Brafman, Law Office of Joseph S. Lyons, Towson, MD, for Plaintiff.

William A. Snoddy, Office of Law for Prince George's County, Upper Marlboro, MD, for Defendants.

### MEMORANDUM OPINION

TITUS, District Judge.

On September 26, 2003, Joseph S. Lyons, a member of the Bar of this Court, moved for the *pro hac vice* admission of John DiJoseph. In the motion, Mr. DiJoseph and Mr. Lyons both certified to this Court that Mr. Lyons was a member in good standing of the bar of the Supreme Court of Virginia, and that Mr. Lyons or Neil Brafman would serve as co-counsel in these proceedings. Mr. Brafman also entered his appearance.

Joseph S. Lyons and Neil Brafman have now filed a motion to withdraw their appearance as counsel for Plaintiff [Paper No. 15]. In their motion, Messrs. Lyons and Brafman allege that they learned on March 16, 2004, that Mr. DiJoseph's license to practice law in Virginia had been revoked effective November 21, 2003. In a letter to Plaintiff dated March 17, 2004, Messrs. Lyons and Brafman disclosed this information to Plaintiff, and told him that they could no longer represent him without Mr. DiJoseph as "lead counsel." They further instructed Plaintiff to "promptly engage new counsel."

Admission to the bar of this Court *pro hac vice* is governed by Local Rule 101.1.b. which provides that the Court "may permit any attorney (except a member of the Maryland Bar) who is a member in good standing of the Bar of any other United States Court or of the highest court of any state to appear and participate as counsel in a particular civil case. Such permission shall not constitute formal admission to the Bar of this Court. However, an attorney

admitted *pro hac vice* is subject to the disciplinary jurisdiction of this Court. Any *party represented by an attorney who has been admitted pro hac vice must also be represented by an attorney who has been formally admitted to the Bar of this Court.*" *See* Local Rule 101.1.b (emphasis added).

■ Mr. DiJoseph is no longer a member in good standing of the Bar of the Supreme Court of Virginia. The Court therefore concludes that his *pro hac vice* admission to this Court must be, and by separate order will be, stricken.

■ Local Rule 101.2.a permits withdrawal of counsel *only* with leave of Court. *See* Local Rule 101.2.a. The Court concludes that Messrs. Lyons and Brafman should not be permitted at this time to withdraw their representation of Plaintiff solely as a result of the revocation of Mr. DiJoseph's license to practice law in Virginia. The requirement in Local Rule 101.1.b. for *pro hac vice* attorneys to be joined by an attorney "who has been formally admitted to the Bar of this Court," places an important responsibility upon the attorney who sponsors a *pro hac vice* admission to this Court. Such an attorney is not merely a "local counsel," but shares full responsibility for the representation of the client. That responsibility cannot be abrogated solely on the basis of the withdrawal of the *pro hac vice* counsel.

As the Court noted in *Gould, Inc. v. Mitsui Mining & Smelting Co.,* 738 F.Supp. 1121, 1125 (N.D.Ohio, 1990):

Although the term "local counsel" at one time may have meant less responsibility on the part of attorneys so designated, it is clear to the court, and should be to every lawyer who litigates in this country, that in the last ten years developments in the law have invalidated this prior meaning. The trend is, properly, away from the view that some counsel have only limited responsibility and rep-resent a client in court in a limited capacity, or that the local counsel is somewhat less the attorney for the client than is lead counsel.

In modern day practice, all counsel signing pleadings and appearing in a case are fully accountable to the court and their clients for the presentation of the case. The Federal Rules of Civil Procedure and the Local Rules for the Northern District of Ohio do not recognize any lawyers as less than full advocates for their clients. The law makes no distinction, as to the liability of lawyers signing pleadings, between those who are self-designated "lead" or "local" counsel. *Federal Rule of Civil Procedure 11* places stringent obligations on all counsel signing pleadings, however, designated.

The Court, therefore, concludes that Messrs. Lyons and Brafman must continue to represent Plaintiff in this case should Plaintiff so desire, or to assist Plaintiff in retaining other counsel should Plaintiff so request. A status conference will be scheduled before the Court, with the Plaintiff and Messrs. Lyons and Brafman directed to be present, at which time the Court will further consider the matter. In the meantime, Messrs. Lyons and Brafman should be certain to comply with this Court's Scheduling Order and confer with their client concerning future representation by them or other counsel.

Accordingly, the Motion by Joseph S. Lyons & Neil Brafman to Withdraw Appearance as Attorneys for Plaintiff Marion Lenoir [Paper No. 15], by separate order will be denied.

### ORDER

Upon consideration of the Motion by Joseph S. Lyons and Neil Brafman to withdraw appearance as attorneys for Plaintiff, Marion Lenoir, (Paper No. 15) it

is, for the reasons set forth in the accompanying Memorandum Opinion, this 4th day of June, 2004, by the United States District Court for the District of Maryland,

**ORDERED**, that said Motion is hereby **DENIED**; and it is further

**ORDERED**, that a status conference shall take place at 9:30a.m. on June 16, 2004, at which time the Plaintiff, Mr. Lyons, and Mr. Brafman are directed to be present.